UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANDRA RENEE DIAZ,

        Plaintiff,

  v.

ANDREW M. SAUL,

        Defendant.

Case No. 21-cv-810-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is married and her spouse is employed, and she has a 9-year-old son she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's monthly income is $1,996 (although she does not provide the source of that income) and the amount of her spouse's monthly wages is unknown. Id.

1

at 3. The plaintiff's monthly expenses total $1,975 ($600 rent, $250 car payments, $150 credit card payments, $600 other household expenses, $175 car insurance, $200 gas for vehicle). Id. at 2-3. The plaintiff owns a 2015 Kia, worth approximately $10,000; she does not own her home or any other property of value; and she has $8.94 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am currently married. However, I have not lived with my husband for approximately 10 years. I do not know what his income is. He does not give me any money and he does not pay any of my bills." Id. at 4. The plaintiff has demonstrated that she cannot pay the $402 filing fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she has filed two previous cases in federal court relating to the same facts involved in this case and that there have been a number of hearings, decisions and orders at both the administrative level and the appeals level relating to the alleged onset of the

plaintiff's disability. Dkt. No. 1 at 1-3. The plaintiff believes that the Commissioner's most recent conclusions and findings of fact regarding the onset date of her disability are not supported by substantial evidence and/or are contrary to law. Id. at 3 At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 7th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
